[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR89-375664;
Brian Kornbrath, Esq. Special Public Defender, for Petitioner.
Christopher Morano, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION: Although the application for Sentence Review was not filed within thirty (30) days of imposition of the sentence [Sec. 51-195], the delay was due to oversight of prior counsel and not the fault of the petitioner. The Division has agreed, therefore, to accept the application.
The petitioner, who was twenty-six (26) years old at the time of sentencing was convicted after a trial by jury of Robbery, First Degree [Sec. 53a-134 (a)(2)]; Conspiracy to Commit Robbery, First Degree [Sec. 53a-48a and53a-134 (a)(2)], and Assault, Second Degree [Sec. CT Page 1049453a-60 (a)(2)]. He was sentenced to seventeen (17) years for the Robbery, three (3) years for the Conspiracy and three (3) years for the Assault, all consecutive, for an effective sentence of twenty-three (23) years.
One co-defendant, also convicted of Robbery and Conspiracy in connection with the same offense, and who was not convicted of the Assault, but who was convicted of Possession of a sawed-off shotgun, received an effective sentence of twenty-eight (28) years. The other co-defendant, who plead guilty to one Count of Robbery, First Degree was sentenced to twelve (12) years.
From the evidence the petitioner, armed with a handgun, along with the two co-defendants, one of whom had a shotgun, on October 12, 1989 at 6:45 P.M., held up the victim who was walking on the street. The petitioner pointed the gun at the victim's head. He was taken to a secluded area where his jacket, watch and $54.00 was taken. He was struck in the head, apparently gratuitously, resulting in an injury to his eye. The co-defendant also threatened to shoot the victim.
In arguing for a reduction in his sentence, counsel asks the Division to consider that one co-defendant received a sentence of twelve (12) years, and that the victim has since recanted his identification of the petitioner.
The claimed recantation is a matter for another forum to determine. It is not a matter for the Division to consider in evaluating the propriety of the sentence imposed upon conviction of a criminal offense. The sentencing court was also presented with the so-called recantation of the victim, so it was aware of this when it considered its sentence, although it indicated, as do we, that was a matter for another proceeding at another time. The sentencing Court commented on the steady escalation of the petitioner's crimes and concluded from his record that the petitioner was a menace who has a history of jeopardizing others. He had two (2) prior robbery convictions among other felonies, and used a gun to commit the instant robbery.
When the predominant purpose of a sentence is the isolation of a criminal for public protection, the length of the sentence understandably reflects that concern.
The sentence imposed in this case was not inappropriate under all the circumstances and it is affirmed.
PURTILL, JUDGE KLACZAK, JUDGE CT Page 10495 NORKO, JUDGE
Purtill, Klaczak and Norko, J.s participated in this decision.